CHARLES BRIGGS PLAINTIFF, v. NEW YORK, SUSQUE-
HANNA AND WESTERN RAILROAD COMPANY, DE-
FENDANT.

JOSEPH O'KEAFE AND HAROLD O'KEAFE, PLAINTIFFS, v.
NEW YORK, SUSQUEHANNA AND WESTERN RAIL-
ROAD COMPANY, DEFENDANT.

Argued October term, 1926—Decided February 26, 1927.

**Negligence—Motor Vehicle Collision With Freight Train—Plain-
tiffs in Motor Vehicle in Dense Fog at Night After Stopping
and Listening Were Struck by Train—No Contributory Negli-
gence Shown—Verdict For Plaintiffs Affirmed.**

On rule to show cause, Passaic Circuit.

Before Gummere, Chief Justice, and Justices Tren-
chard and Minturn.

For the rule, *Hobart & Minard.*

*Contra, Ward & McGinnis.*

Per Curiam.

Three verdicts were rendered in three cases instituted
against the defendant, by the respective plaintiffs as the
result of a collision with defendant's freight train at Oak-
land, in Bergen county, from which the plaintiff Briggs
suffered the loss of his right arm, for which he received a
verdict of $8,000; the plaintiff Joseph O'Keafe, divers per-
sonal injuries, for which he was awarded $1,000, and the
plaintiff Harold O'Keafe, damage to the automobile of which
he was owner, and in which the three were riding, the sum
of $412.

About one-thirty o'clock in the morning on October 16th,
1924, the plaintiffs, driven by Charles Briggs in his motor

car, were proceeding along the Ramapo Valley road, in the midst of a fog, which according to the general testimony was almost impenetrable in its density, for any extensive distance, when they passed upon defendant's tracks, and without signal or warning of any nature were struck by defendant's freight train, drawn by two engines, and proceeding up grade. Recognizing the fact of an existing railroad crossing, and conscious of the unusual danger incident to an attempt to cross it in the envelopment of a dense fog, they exercised the legal precaution not only of looking and listening for audible or observable indications of an approaching train, but they also stopped the motor car so that their endeavors to that end might become more effective, and hearing and observing nothing to warn them of an impending danger they entered at a moderate speed upon the right of way, when their car was struck in its forward part by the train. This situation manifestly presented a *prima facie* case of negligence upon the part of the defendant. Defendant presented no testimony of eye witnesses to the occurrence, but contended from the testimony of its employes that the statutory requirement of ringing the bell was complied with, and that from particles of automobile debris later found upon the tank car, that the plaintiffs recklessly ran into the train, and were therefore so obviously guilty of contributory negligence, that the verdict of the jury in their favor manifestly must be against the weight of the testimony.

We have examined the testimony, and have concluded that this contention cannot be legally sustained. We think the facts in the case has presented an issuable question of fact and made a case for the jury. The rule obviously is fundamental, that a factual situation evincing a contrariety of testimony, and deducible circumstances of fact, cannot be made the basis of a nonsuit or direction, so as to deprive the jury of exercising their peculiar legal function of determining the credibility of witnesses, and the weight of the testimony, in the light of all the attendant circumstances and conflicting inferences deducible therefrom. *Danskin* v. *Pennsylvania*

*Railroad Co.,* 83 *N. J. L.* 522; *Quinn* v. *West Jersey Railway Co.,* 78 *Id.* 539; *Napodensky* v. *West Jersey Railway Co.,* 85 *Id.* 336.

In the light of this fundamental rule of procedure, neither our examination of the charge nor our review of the testimony leads us to disturb the verdicts.

The rule will be discharged.